UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 JUL 13  PM 3: 50

------------------------------------------------------x

PATRICIA CALHOUN,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK and POLICE
OFFICER(S) JOHN DOE 1-10[1],

                    Defendants.

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

COMPLAINT

JURY DEMAND

ROSS, J.

CV 12 - 3489

LEVY, M.J.

------------------------------------------------------x

Plaintiff PATRICIA CALHOUN (hereinafter "plaintiff"), by her attorney(s) THE LAW
OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF
NEW YORK and POLICE OFFICER(S) JOHN DOE 1-10 (collectively referred to as the
Defendants), alleges as follows:

NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and
statutes of the State of New York].

JURISDICTION

2.       The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3),
this being an action authorized by law to redress the deprivation of
rights secured under color of state and city law, statute, ordinance,
regulation, custom and usage of a right, privilege and immunity
secured to the plaintiff by the Fourteenth Amendment to the
Constitution of the United States.  Jurisdiction of this court exists

---

[1] The above-referenced officers, upon information and well-founded belief, were and are law enforcement
officers employed by the New York City Police Department.

pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.      All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.      All conditions precedent to the filing of this action have been complied with. On March 16, 2012, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 2012PI007475.

6.      At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.      This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

## THE PARTIES

8.      Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is an African American female of full age.

9.      At all relevant times POLICE OFFICER(S) JOHN DOE 1-10 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10.     At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11.     At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12.     Plaintiff sues all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     On or about March 2, 2012, at approximately 06:30 a.m., at and within the premises known and described as 629 Kingsboro 6 Walk, #6E, Brooklyn, New York 11233 in the County of Kings, City of New York (hereinafter "subject premises"), the plaintiff was arrested without probable cause by the defendant officers.

14.     That prior to the above referenced unlawful arrest, the defendant officers had forcibly entered into the subject premises, by breaking down the front door of the subject premises, within which the plaintiff resided and still resides with her infant daughter.

15.      That at the time of the incident, the plaintiff was within the subject premises, along with her infant (3 year old) daughter, and the father of her daughter, namely Malcolm Butler.

16.      That upon forcibly gaining entry to the subject premises, the defendant officers immediately placed the plaintiff under arrest, after affording the plaintiff, who at the time was in her underwear, the opportunity to get dressed.

17.      That the defendant officers then searched the subject premises.

18.      Nothing illegal was recovered from the subject premises. Nevertheless, the defendant officers transported the plaintiff and her daughter to a police precinct.

19.      That upon arrival at the police precinct, the plaintiff was handcuffed to a bench, in the presence of her infant daughter, where she (and her infant daughter) was/were compelled to remain for approximately six (6) hours.

20.      That after approximately six (6) hours, the plaintiff was permitted to have her mother take her infant daughter away from said precinct.

21.      That the plaintiff was subsequently fingerprinted and photographed, or otherwise "processed" at said precinct.

22.      At approximately 07:30 p.m. on March 2, 2012, the plaintiff was taken to "Central Booking", located within the Kings County Criminal Courthouse building situated at 120 Schermerhorn Street, Brooklyn, New York 11201. The plaintiff was again "processed" upon arrival at "Central Booking".

23.      That the plaintiff was then caused to remain confined at "Central Booking" until approximately 10:30 p.m. on March 3, 2012, when she was released without charge.

24.      Upon information and well founded belief, the Kings County District Attorney's office declined to prosecute her. The plaintiff's arrest number was "K12621244".

CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER
42 U.S.C § 1983/NEW YORK STATE LAW

25.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26.    The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

27.    As a result of the plaintiff's above-described false arrest and imprisonment, she has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know her, was prevented from attending to her necessary affairs, and has been otherwise damaged in her character and reputation.

28.    Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

29.    The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE
UNDER 42 U.S.C § 1983

30.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.    Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to her constitutional rights, as more fully set forth above.

32.    The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

33.     As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST AND FALSE IMPRISONMENT, PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

34.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.     The above-described respective arrest, search, detention, imprisonment and prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

36.     As a result of the plaintiff's above-described false arrest, search, imprisonment and prosecution, he was caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

37.     Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

38.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

39.      By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40.      The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

41.      The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

42.      The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

b. manufacturing evidence against individuals allegedly involved in illegal acts; and

c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

43.      The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

44.      The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

45.      Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of Jose Colon v. City of New York, et al (09-

cv-8) and Maximo Colon v. City of New York, et al (09-cv-9),
wherein the Court stated, *inter alia,* that "*Informal inquiry by the
court and among the judges of this court, as well as knowledge of
cases in other federal and state courts, has revealed anecdotal
evidence of repeated, widespread falsification by arresting officers of
the New York City Police Department*", and that "*there is some
evidence of an attitude among officers that is sufficiently widespread
to constitute a custom or policy by the city approving the illegal
conduct of the kind now charged*".

46.    The aforementioned customs, policies, usages, practices, procedures
and rules of the City of New York, constituted a deliberate
indifference to the safety, well-being and constitutional rights of all
defendants, including but not limited to the plaintiff; were the
proximate cause of, and moving force behind, the constitutional
violations suffered by the plaintiff as alleged herein, and deprived
plaintiff of the following rights, privileges and immunities secured to
her by the Constitution of the United States:

(a)    The right of the plaintiff to be secure in her person and effects
against unreasonable search and seizure under the Fourth and Fourteenth
Amendments to the Constitution of the United States.

(b )    The right of the plaintiff not to be deprived of life, liberty, or
property without due process of law, and the right to the equal protection
of the laws, secured to her by the Fifth and Fourteenth Amendments to the
Constitution of the United States.

(c)    The right to be free from unreasonable detention and/or continued
detention without probable cause in that the plaintiff was detained and
subsequently prosecuted.

47.    As a result of the actions of the defendants, the plaintiff was deprived
of her rights, privileges, and immunities secured by the United States
Constitution, in particular, the Fourth, Fifth, and Fourteenth
Amendments, in contravention of 42 USC §1983 and the laws of

New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of her liberty without due process of law.

48.    The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages she suffered.

49.    The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

50.    The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1.    For compensatory damages against each and all defendants in an amount to be proven at trial;

2.    For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3.    For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4.    For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York

July 9, 2012

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994